**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**

---

**UNITED STATES OF AMERICA,**

v.

**1:20-CV-01**
**(FJS/TWD)**

**MARY L. WOODARD also known as Mary Hale;**
**CAVALRY SPV I, LLC, as Assignee of Synchrony**
**Bank formerly known as GE Capital Retail Bank;**
**RENSSELAER COUNTY HOUSING**
**RESOURCES, INC.; JOHN DOE; MARY ROE;**
**and XYZ CORPORATION,**

**Defendants.**

---

| APPEARANCES | OF COUNSEL |
|---|---|
| **PINCUS LAW GROOUP, PLLC** | **CYNTHIA MALONE, ESQ.** |
| 425 RXR Plaza | **SHERRI J. SMITH, ESQ.** |
| Uniondale, New York 11556 | **BARRY WEISS, ESQ.** |
| Attorneys for the United States | |
| | |
| **MARY L. WOODARD** | **NO APPEARANCE** |
| Defendant | |
| | |
| **CAVALRY SPV I, LLC** | **NO APPEARANCE** |
| Defendant | |
| | |
| **RENSSELAER COUNTY** | **NO APPEARANCE** |
| **HOUSING RESOURCES, INC.** | |
| Defendant | |
| | |
| **JOHN DOE, MARY ROE and** | **NO APPEARANCE** |
| **XYZ CORPORATION** | |
| Defendants | |

**SCULLIN, Senior Judge**

**MEMORANDUM-DECISION AND ORDER
AND JUDGMENT OF FORECLOSURE AND SALE**

**I. INTRODUCTION**

Pending before the Court is Plaintiff's motion for a default judgment and entry of a

judgment of foreclosure and sale. *See* Dkt. No. 31.

**II. BACKGROUND**

On or about September 29, 2006, at the request of Defendant Mary L. Woodard also

known as Mary Hale, Plaintiff, acting through the Rural Housing Service or successor agency,

United States Department of Agriculture, lent Defendant Woodard the sum of $109,820.00,

which she promised to repay with interest at 6.2500% per annum in specified monthly

installments. *See* Dkt. No. 1, Complaint, at ¶ 2. As evidence of this indebtedness, Defendant

Woodard executed and delivered to Plaintiff a Promissory Note dated September 29, 2006. *See*

*id.* at ¶ 3 & Exhibit "A" attached thereto. To secure the payment of the indebtedness, Defendant

Woodard executed, acknowledged, and delivered to Plaintiff a real property mortgage dated

September 29, 2006. *See id.* at ¶ 4 & Exhibit "B" attached thereto. The mortgage was duly

recorded in the Rensselaer County Clerk's Office on or about October 19, 2006, in Book 3775 at

Page 21, Instrument No. 2006-0024881. *See id.* at ¶ 5. Plaintiff is the owner and holder of the

Promissory Note and Mortgage. *See id.* at ¶ 6.

Plaintiff asserts that Defendant Woodard breached and violated the provisions of the

Promissory Note and Mortgage by neglecting and failing to pay the installments of principal and

interest when due beginning with the September 28, 2017 payment, despite due demand

therefore and by failing to make payment of real property taxes when due, thereby making it necessary for Plaintiff to pay the same to protect its interest in the property.  *See id.* at ¶ 7.

Plaintiff brought this action against Defendants to foreclose a mortgage on real property designated as 1442 Johnsonville Road, Johnsonville, New York 12094, which is located in Rensselaer County, New York.  *See id.* at ¶ 4.  The total balance secured by said mortgage as of August 6, 2021, is **$162,615.82**, comprised of the following amounts: (1) unpaid principal in the amount of **$107,227.66**; (2) unpaid interest through August 6, 2021, in the amount of **$26,421.46** (daily interest accrual $18.3609 per day at 6.2500%); (3) subsidy to be recaptured in the amount of **$9,281.07**; (4) advances for insurance in the amount of **$6,631.00**; (5) advances for taxes in the amount of **$12,436.99**; (6) late charges in the amount of **$61.04**; and (7) advances for property maintenance/caretaker/inspections in the amount of **$556.60**.  *See* Dkt. No. 31-3, Attorney's Affirmation Statement of Damages, at 1-2.  Plaintiff also requests an award of fees and disbursements in the amount of **$1,133.70** and an award of attorney's fees in the amount of **$3,875.00**.  *See id.* at 2.

Plaintiff filed a Notice of Pendency containing all the particulars required by law in the Office of the Clerk of the Northern District of New York and in the Rensselaer County Clerk's Office on January 3, 2020.  *See* Dkt. No. 30 at 8-12, Attorney Affirmation for Judgment of Foreclosure and Sale, at ¶ 15 & Exhibit "G" attached thereto.

Plaintiff served Defendants with the summons and complaint, *see* Dkt. No. 5, and their time to answer or otherwise appear with regard to the complaint has expired and has not been extended by consent or order of this Court.  Plaintiff requested a Clerk's Entry of Default against all Defendants except for John Doe, Mary Roe, and XYZ Corporation, whom Plaintiff seeks to terminate as parties in this action.  *See* Dkt. No. 30 at 8-12, Attorney Affirmation for Judgment

of Foreclosure and Sale, at ¶ 12; Dkt. No. 22, Request for Clerk's Entry of Default filed August

9, 2021; Dkt. No. 24, Clerk's Entry of Default dated August 9, 2021.  Plaintiff served a separate

copy of the "90 day notice," as required by New York Law on Defendant Mary L. Woodard also

known as Mary Hale.  *See* Dkt. No. 30, at 8-12, Attorney Affirmation for Judgment of

Foreclosure and Sale, at ¶ 13 & Exhibit "D" attached thereto; and that notice was registered with

the State of New York, *see id.* & Exhibit "E" attached thereto.  None of the individual

Defendants are in the military service nor are they infants or incompetent persons.  *See id.* at

¶ 10.  Finally, having reviewed the description of the property, which has been improved with a

single family home, Plaintiff has determined that the mortgaged premises cannot be sold except

as a single parcel.  *See id.* at ¶ 19.


### III. DISCUSSION

**A.      Plaintiff's motion to amend the caption of the complaint**

Plaintiff seeks to amend the caption and terminate Defendants John Doe, Mary Roe and

XYZ Corporation.  *See* Dkt. No. 31.  There is no need to amend the caption.  However, the Court

dismisses this action against these Defendants with prejudice because "Plaintiff has ascertained

that "there are no tenants or occupants residing at the premises at issue under these fictitious

names."  See Dkt. No. 31-2 at 1.


**B.      Plaintiff's motion for entry of a default judgment and judgment of foreclosure and
         sale**

"Rule 55 of the Federal Rules of Civil Procedure provides a two-step process for

obtaining a default judgment."  *Priestley v. Headminder, Inc.*, 647 F.3d 497, 504 (2d Cir. 2011).

First, under Rule 55(a), the plaintiff must obtain a clerk's entry of default.  *See* Fed. R. Civ. P.

55(2) (providing that, "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default"); N.D.N.Y. L.R. 55.1 (requiring a party seeking a clerk's entry of default to "submit an affidavit showing that (1) the party against whom it seeks a judgment of affirmative relief is not an infant, in the military, or an incompetent person (2) a party against whom it seeks a judgment for affirmative relief has failed to plead or otherwise defend the action . . . and (3) it has properly served the pleading to which the opposing party has not responded").  Second, under Rule 55(b), the plaintiff may apply for entry of a default judgment by the clerk "[i]f the plaintiff's claim is for a sum certain" or by the court "[i]n all other cases."  Fed. R. Civ. P. 55(b)(1), (2); N.D.N.Y. L.R. 55.2(b) (providing that "[a] party shall accompany a motion to the Court for the entry of a default judgment, pursuant to Fed. R. Civ. P. 55(b)(2), with a clerk's certificate of entry of a default . . ., a proposed form of default judgment, and a copy of the pleading to which no response has been made").

### 1. Liability

By failing to answer, Defendants are deemed to have admitted the factual allegations in the complaint.  *See Greyhound Exhibitgroup, Inc. v. E.L.U.L. Realty Corp.*, 973 F.2d 155, 158 (2d Cir. 1992) (noting that "a party's default is deemed to constitute a concession of all well pleaded allegations of liability" (citations omitted)).  However, "before entering default judgment, the Court must review the Complaint to determine whether Plaintiff has stated a valid claim for relief."  *Wells Fargo Bank, N.A. v. Barnes*, No. 3:16-cv-00533 (BKS/DEP), 2018 WL 6028050, *5 (N.D.N.Y. Nov. 16, 2018) (citing *Finkel v. Romanowicz*, 577 F.3d 79, 84 (2d Cir. 2009)) (other citation omitted).

Based on the allegations in the Complaint, the Court finds that Plaintiff has established Defendants' liability.

### 2. Damages

"[I]t is well established that '[w]hile a party's default is deemed to constitute a concession of all well pleaded allegations of liability, it is not considered an admission of damages.'" *Cement & Concrete Workers Dist. Council Welfare Fund, Pension Fund, Annuity Fund, Educ. & Training Fund & Other Funds v. Metro Found. Contractors Inc.*, 699 F.3d 230, 234 (2d Cir. 2012) (quoting *Greyhound Exhibitgroup, Inc. v. E.L.U.L. Realty Corp.*, 973 F.2d 155, 158 (2d Cir. 1992)).  "There must be an evidentiary basis for the damages sought by plaintiff, and a district court may determine there is sufficient evidence either based upon evidence presented at a hearing or upon a review of detailed affidavits and documentary evidence that enables the court to evaluate the proposed sum and determine an award of damages.  *See Tamarin v. Adam Caterers, Inc.*, 13 F.3d 51, 54 (2d Cir. 1993) (stating that "Rule 55(b)(2) and relevant case law give district judges much discretion in determining when it is 'necessary and proper' to hold an inquest on damages"); Fed. R. Civ. P. 55(b)(2) (providing that "[t]he court may conduct hearings . . . when, to enter or effectuate judgment, it needs to: (A) conduct an accounting; (B) determine the amount of damages; (C) establish the truth of any allegation by evidence; or (D) investigate any other matter").

In this case, the Court finds that it is not necessary to hold an evidentiary hearing because damages are calculable based on the detailed affidavits and documentary evidence that Plaintiff has provided.  Thus, the Court grants Plaintiff's motion for entry of a default judgment as follows:

| | |
|---|---|
| Unpaid Principal | $107,227.66 |
| Unpaid Interest (through August 6, 2021) | 26,421.46 |
| Subsidy to be recaptured | 9,281.07 |
| Advances for Insurance | 6,631.00 |
| Advances for Taxes | 12,436.99 |
| Late Charges | 61.04 |
| Advances for Property Maintenance/ Caretake/Inspection | 556.60 ------------- |
| **Total due as of August 6, 2021** | **$162,615.82** |

plus additional interest accruing on this amount from August 6, 2021, at a rate of 6.2500% per

annum, through the date of entry of judgment, as well as an award of attorney's fees in the

amount **$3,875.00,** and costs and disbursements in the amount of **$1,133.70**.[1]

---

[1] With regard to Plaintiff's request for costs and disbursements, Local Rule 54.1(a) provides in pertinent part as follows:

> [t]he party entitled to recover costs set forth in 28 U.S.C. § 1920 shall file . . . a verified bill of costs on **the forms that the Clerk provides**, together with an affidavit verifying that (1) the items claimed in the Bill of Costs are correct; (2) the costs have been necessarily incurred in the case; and (3) the services for which the fees have been charged were actually and necessarily performed, and a Certificate of Service.  The party seeking costs shall accompany its request with receipts indicating that the party actually incurred the costs it seeks.

N.D.N.Y. L.R. 54.1(a) (emphasis added).

The Court notes that Plaintiff did not use the "forms that the Clerk provides" when submitting its verified bill of costs.  However, Plaintiff did provide the necessary documentation to support its request for such costs and disbursements.  Therefore, the Court will not require Plaintiff to refile its verified bill of costs on the appropriate form.  However, the Court advises Plaintiff that, in the future, if Plaintiff does not comply fully with Local Rule 54.1(a) when seeking to recover its costs and disbursements, the Court will deny any such request.

## IV. CONCLUSION

Having reviewed the entire file in this matter, the parties' submissions and the applicable

law, and for the above-stated reasons, the Court hereby

**ORDERS** that Plaintiff's motion to terminate this action against Defendants John Doe,

Mary Roe and XYZ Corporation, *see* Dkt. No. 31, is **GRANTED** and the Court dismisses

Plaintiff's claims against these Defendants with prejudice; and the Court further

**ORDERS** that Plaintiff's motion for entry of a default judgment against the remaining

Defendants, *see* Dkt. No. 31, is **GRANTED**; and the Court further

**ORDERS** that Plaintiff is awarded judgment against Defendants in the amount of

**$162,615.82** with interest continuing thereon at the rate of **6.2500%** per annum to the date of

entry of judgment and, thereafter, interest on this amount from the date of entry of judgment to

the date of payment at the rate provided for by 28 U.S.C. § 1961(a) and an award of attorney's

fees in the amount of **$3,875.00** and costs and disbursements in the amount of **$1,133.70** with

interest on the award of attorney's fees and costs and disbursements continuing from the date of

entry of judgment to the date of payment at the rate provided for by 28 U.S.C. § 1961(a); and the

Court further

**ORDERS** that Plaintiff's motion for entry of Judgment of Foreclosure and Sale, *see* Dkt.

No. 31, is **GRANTED**; and the Court further

**ORDERS** that Judgment of Foreclosure and Sale is entered against Defendants for the

sum of **$162,615.82** with interest continuing thereon at the rate of **6.2500%** per annum to the

date of entry of this judgment and, thereafter, interest on this amount from the date of entry of

this judgment to the date of payment at the rate provided for by 28 U.S.C. § 1961(a); and the

Court further

ORDERS that the mortgaged premises described in the Complaint, as hereinafter set

forth, being more commonly known as 1442 Johnsonville Road, Johnsonville, New York 12094,

a parcel of land improved with a single family home, to be sold in and as one parcel, as a sale in

one parcel will be most beneficial to the interests of the parties.  The name and phone number of

the servicer for Plaintiff being the United States Department of Agriculture, 1-800-414-1226;

and the Court further

ORDERS that the mortgaged property described in the Complaint and as hereinafter

described, or such part thereof as may be sufficient to discharge the mortgage debt, the expenses

of the sale, and the costs of this action as provided for in New York Real Property Actions and

Proceedings Law ("RPAPL") be sold, in one parcel at a public auction to be held at the

**Rensselaer County Supreme Court, 80 2nd Street, Troy, New York 12180**, by and under the

direction of **Yanci R. Herboldt, Esq., 4332 Heritage Drive, Apt. B05, Liverpool, New York**

**13090-2037**, who is hereby appointed Referee for that purpose; that said Referee give public

notice of the time and place of said sale in accordance with RPAPL § 231; and the Court further

ORDERS that the Referee shall cause to be sent by mail a copy of the Notice of Sale by

depositing the same in a prepaid wrapper addressed to the following:

> Mary L. Woodard a/k/a Mary Hale
> 1442 Johnsonville Road
> Johnsonville, New York 12094
>
> Cavalry SPV I, LLC, as Assignee of Synchrony
> Bank formerly known as GE Capital Retail Bank
> 500 Summit Lake Drive, Suite 400
> Valhalla, New York 10595

> Rensselaer County Housing Resources, Inc.
> 415 River Street
> Troy, New York 12180;

and the Court further

ORDERS that the Referee shall post copies of the Notice of Sale in three (3) conspicuous public places in Rensselaer County, New York, where the premises are located; and the Court further

ORDERS that the Referee cause the Notice of Sale to be published once weekly for four consecutive weeks in **The Record**, a newspaper of general circulation published in Rensselaer County, where the mortgaged premises are located.  The Notice of Sale need not contain the full legal description of the property as set forth in "Schedule A," attached hereto, but may refer to the property as 1442 Johnsonville Road, Johnsonville, New York 12094; and the Court further

ORDERS that Plaintiff or an other party to this action may become a purchaser at such sale; and the Court further

ORDERS that the Referee shall execute to the purchaser at such sale a deed of the premises sold and, upon receiving the proceeds of such sale, forthwith pay the following items:

FIRST, the Referee's fees and commissions associated with said sale, not to exceed the sum of **$500.00**;

SECOND, the Referee's advertising expenses as shown on bills to be specified in the Referee's Report of Sale; and

THIRD, the sum of $162,615.82 with interest continuing thereon at the rate of 6.2500% per annum from August 6, 2021, to the date of entry of this judgment and, thereafter, interest on this amount from the date of entry of judgment to the date of payment at the rate provided for by 28 U.S.C. § 1961(a), or so much thereof as the purchase money of the mortgaged

premises will pay of the same and an award of attorney's fees in the amount of **$3,875.00** with interest on the award of attorney's fees continuing from the date of entry of this judgment to the date of payment at the rate provided for by 28 U.S.C. § 1961(a); and the Court further

**ORDERS** that, if Plaintiff is the purchaser of the mortgaged premises at the sale, or in the event the rights of the purchaser at the sale and the terms of the sale under this judgment shall be assigned to and acquired by Plaintiff and a valid assignment thereof filed with the Referee, the Referee shall not require Plaintiff to pay in cash the entire amount bid at said sale, but shall execute and deliver to Plaintiff a deed of the premises sold upon payment to the Referee of the amounts specified above in items marked "FIRST" and "SECOND"; that the balance of the amount bid, after deducting therefrom the amounts paid by Plaintiff, shall be allowed to Plaintiff as specified above in item marked "THIRD"; and, if after so applying the balance of the amount bid there shall be a surplus over and above the said amounts due to Plaintiff, Plaintiff shall pay to the Referee, upon delivery to it of said Referee's Deed, the amount of said surplus; and that the Referee then shall make the payments as herein directed; and the Court further

**ORDERS** that the Referee shall take the receipt of Plaintiff or its attorney, for the amounts paid as hereinabove directed in item marked "THIRD" and file it with his Report of Sale; and the Court further

**ORDERS** that the Referee shall deposit any surplus moneys with the Clerk of this Court within five (5) days after the same shall be received and ascertainable, to the credit of this action, to be withdrawn only on the order of a Judge of this Court; and the Court further

**ORDERS** that the Referee shall make his Report of Sale and file it with the Clerk of this Court with all convenient speed.  That if the proceeds of the sale are insufficient to pay the amounts herein directed to be paid to Plaintiff, with the expenses of the sale, interest, costs, and

allowances, as aforesaid, the Referee shall specify the amount of such deficiency in his Report of Sale; and the Court further

**ORDERS** that the purchaser at such sale shall be let into possession of the premises sold upon production of the Referee's Deed to such premises; and the Court further

**ORDERS** that each and every Defendant in this action, and all persons claiming under them, or any one of them, after filing of the notice of pendency of this action, be and they hereby are forever barred and foreclosed of all right, title, claim, interest, lien and equity of redemption in said mortgaged premises and each and every part thereof.  The premises affected by this action are situated entirely within the County of Rensselaer, State of New York, and designated as 1442 Johnsonville Road, Johnsonville, New York 12094, further described in Schedule "A," attached hereto, together with all right, title and interest of the owner, if any, in and to the land lying in the streets and roads in front of and adjoining said premises, to the center line thereof, together with all fixtures and articles of personal property annexed to, installed in, or used in connection with the mortgaged premises, as is more fully set out in said Mortgage.

**IT IS SO ORDERED.**

Dated: May 4, 2022
        Syracuse, New York

_____
Frederick J. Scullin, Jr.
Senior United States District Judge

## SCHEDULE A

**ALL THAT CERTAIN LOT, PIECE OR PARCEL OF LAND** together with the buildings and improvements thereon erected, situate on the east side of Maple Avenue, formerly called the Millertown Road, in Johnsville, Town of Pittstown, County of Rensselaer and State of New York, described as follows:

**BEGINNING** at a point in the northeast corner of Lot No. 45 as designated on a map of lands of Mrs. Geo O. Catlin made by Geo W. Finch, C.E., in April 1888, which beginning point is also in the northeast corner of land now or formerly reputedly owned by Charles Culnane, and running thence northeasterly about north 10° east 167.5 feet, more or less, to the southeast corner of a parcel of land conveyed by Alvin T. Hoag and wife to John Irving Sewell by deed dated November 1, 1906 and recorded March 4, 1907 in the Rensselaer County Clerk's Office in Book of Deeds 308 Page 263; thence North 13° 45' west along the east line of the parcel of land conveyed by Hoag and wife to said Sewell as aforesaid, and also along the east line of a parcel of land conveyed by Maud Lee Van Wert to said John I. Sewell by deed dated March 30, 1899 and recorded April 5, 1899 in the Rensselaer County Clerk's Office in Book of Deeds 266 Page 385, 91 feet more or less, to the south of line of a parcel of land conveyed by J. Irving Sewell and wife to Mary Esther Van Wirt by deed dated November 7, 1906 and recorded June 17, 1907 in the Rensselaer County Clerk's Office in Book of Deeds 310 Page 291; thence southwesterly on a course about south 80° 30' west along the south line of the parcel conveyed to Mary Esther VanWirt as aforesaid and then along the north line of a parcel of land conveyed by said Mary Esther VanWirt to said J. Irving Sewell by deed dated November 7, 1906 and recorded March 4, 1907 in said clerk's office in Book of Deeds 308 Page 262 (which two last mentioned deeds were exchanged in an agreed boundary line alteration and in which deeds this line was erroneously stated to run south 60° 30' west) a total distance of 146 feet, more or less, to a point now or formerly marked by a marble monument in the east line of said Maple Avenue, formerly Millertown Road; thence south 8° 15' west along the east line of said Maple Avenue 288.4 feet, more or less, to the northwest corner of the first above mentioned Lot No. 45, being also the north line of land now or formerly reputedly of Charles Culnane; thence north 72° 15' east along the north line of said Lot No. 45, being also along the north line of land now or formerly reputedly of Charles Culnane, a distance of 180 feet, more or less, to the place of beginning, being a parcel of land bounded northerly by land now or formerly reputedly of Mary Esther VanWirt; easterly by land now or formerly reputedly of Alvin T. Hoag; southerly by land now or formerly reputedly of Charles Culnane, and westerly by the east line of said Maple Avenue, formerly the Millertown Road.

premises are improved by a 1 or 2 family dwelling Request for Exemption is Being Made.

# Federal Rules of Appellate Procedure
## Rule 4. Appeal as of Right

### (a) Appeal in a Civil Case.

1. (1) *Time for Filing a Notice of Appeal.*

(A) In a civil case, except as provided in Rules 4(a)(1)(B), 4(a)(4), and 4(c), the notice of appeal required by Rule 3 must be filed with the district clerk within 30 days after entry of the judgment or order appealed from.

(B) The notice of appeal may be filed by any party within 60 days after entry of the judgment or order appealed from if one of the parties is:

(i) the United States;
(ii) a United States agency;
(iii) a United States officer or employee sued in an official capacity; or
(iv) a current or former United States officer or employee sued in an individual capacity for an act or omission occurring in connection with duties performed on the United States' behalf — including all instances in which the United States represents that person when the judgment or order is entered or files the appeal for that person.

(C) An appeal from an order granting or denying an application for a writ of error *coram nobis* is an appeal in a civil case for purposes of Rule 4(a).

(2) *Filing Before Entry of Judgment.* A notice of appeal filed after the court announces a decision or order—but before the entry of the judgment or order—is treated as filed on the date of and after the entry.

(3) *Multiple Appeals.* If one party timely files a notice of appeal, any other party may file a notice of appeal within 14 days after the date when the first notice was filed, or within the time otherwise prescribed by this Rule 4(a), whichever period ends later.

(4) *Effect of a Motion on a Notice of Appeal.*

(A) If a party timely files in the district court any of the following motions under the Federal Rules of Civil Procedure, the time to file an appeal runs for all parties from the entry of the order disposing of the last such remaining motion:

(i) for judgment under Rule 50(b);

(ii) to amend or make additional factual findings under Rule 52(b), whether or not granting the motion would alter the judgment;

(iii) for attorney's fees under Rule 54 if the district court extends the time to appeal under Rule 58;

(iv) to alter or amend the judgment under Rule 59;

(v) for a new trial under Rule 59; or

(vi) for relief under Rule 60 if the motion is filed no later than 28 days after the judgment is entered.

(B)(i) If a party files a notice of appeal after the court announces or enters a judgment—but before it disposes of any motion listed in Rule 4(a)(4)(A)—the notice becomes effective to appeal a judgment or order, in whole or in part, when the order disposing of the last such remaining motion is entered.

(ii) A party intending to challenge an order disposing of any motion listed in Rule 4(a)(4)(A), or a judgment's alteration or amendment upon such a motion, must file a notice of appeal, or an amended notice of appeal—in compliance with Rule 3(c)—within the time prescribed by this Rule measured from the entry of the order disposing of the last such remaining motion.

(5) *Motion for Extension of Time.*

(A) The district court may extend the time to file a notice of appeal if:

(i) a party so moves no later than 30 days after the time prescribed by this Rule 4(a) expires; and

(ii) regardless of whether its motion is filed before or during the 30 days after the time prescribed by this Rule 4(a) expires, that party shows excusable neglect or good cause.

(B) A motion filed before the expiration of the time prescribed in Rule 4(a)(1) or (3) may be ex parte unless the court requires otherwise. If the motion is filed after the expiration of the prescribed time, notice must be given to the other parties in accordance with local rules.

(C) No extension under this Rule 4(a)(5) may exceed 30 days after the prescribed time or 14 days after the date when the order granting the motion is entered, whichever is later.

(6) *Reopening the Time to File an Appeal.* The district court may reopen the time to file an appeal for a period of 14 days after the date when its order to reopen is entered, but only if all the following conditions are satisfied:

(A) the court finds that the moving party did not receive notice under Federal Rule of Civil Procedure 77 (d) of the entry of the judgment or order sought to be appealed within 21 days after entry;

(B) the motion is filed within 180 days after the judgment or order is entered or within 14 days after the moving party receives notice under Federal Rule of Civil Procedure 77 (d) of the entry, whichever is earlier; and

(C) the court finds that no party would be prejudiced.

(7) *Entry Defined.*

(A) A judgment or order is entered for purposes of this Rule 4(a):

(i) if Federal Rule of Civil Procedure 58 (a) does not require a separate document, when the judgment or order is entered in the civil docket under Federal Rule of Civil Procedure 79 (a); or

(ii) if Federal Rule of Civil Procedure 58 (a) requires a separate document, when the judgment or order is entered in the civil docket under Federal Rule of Civil Procedure 79(a) and when the earlier of these events occurs:

• the judgment or order is set forth on a separate document, or

• 150 days have run from entry of the judgment or order in the civil docket under Federal Rule of Civil Procedure 79 (a).

(B) A failure to set forth a judgment or order on a separate document when required by Federal Rule of Civil Procedure 58 (a) does not affect the validity of an appeal from that judgment or order.